IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HELIODORO CATALAN, | § | |
| # 53836-177, | § | |
|     Movant, | § | |
| | § | 3:17-CV-3489-N-BT |
| v. | § | (3:16-CR-284-N-2) |
| | § | |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Heliodoro Catalan, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion and dismiss this action with prejudice.

I.

On September 6, 2016, Movant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Crim. Doc. 148, 237.[1] The Court sentenced Movant to 262 months imprisonment. Crim. Doc. 250 at 10. Movant then filed a direct appeal,

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:16-CR-284-N-2 as "Crim. Doc."

which the Fifth Circuit dismissed. *See United States v. Catalan*, 707 F. App'x 847 (5th Cir. 2018).

Movant also filed this § 2255 motion to vacate, set-aside, or correct his sentence, Doc. 2, in which he raises two claims of ineffective assistance of counsel, and a third claim that the Court improperly enhanced his sentence. The government responds that Movant's ineffective assistance claims lack merit, and the sentencing-error claim is waived, procedurally barred, and not cognizable on collateral review. Doc. 6.

II.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled only to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984).

A movant also "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If the movant fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III.

Here, Movant alleges counsel "fail[ed] to advise him of the options and consequences of pleading guilty" and "failed to secure a proper defense but instead secured a guilty plea despite the Movant's obvious misunderstandings and reluctance to plead." Doc. 2 at 5. Movant further alleges his counsel failed to advise him that he was subject to a 262-month statutory mandatory minimum sentence, and instead, advised him that he would receive a "favorable plea offer of Seven (7) to Ten (10) years for his guilty plea." Doc. 3 at 5-6. Movant argues that because of his attorney's ineffective assistance, his guilty plea was not made knowingly or voluntarily. *Id.* at 5. Movant however provides no support from the record to support these claims. First, the Court notes that Movant's statement that "he was subject to the statutory minimum sentence of 262 months of imprisonment for his guilty plea," Doc. 3 at 5, is factually incorrect. Movant was properly

3

informed that the minimum sentence he could receive was five years' imprisonment. *See* Crim. Doc. 148 at 2; 237 at 20.

Additionally, Movant does not state what further steps his counsel should have taken in order to "secure a proper defense." The Fifth Circuit has held that "a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Mere allegations of ineffective assistance of counsel, without any further support, are insufficient to support the claim. *See Miller* 200 F.3d at 282. Movant's wholly conclusory allegations are insufficient to entitle him to relief. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case.").

Movant also fails to demonstrate that his counsel was ineffective in advising him regarding his guilty plea. Although the Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), in order to satisfy the prejudice prong, Movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. In this case, Movant makes no mention, much less shows a reasonable

probability, that but for his counsel's advice, he would have insisted on going to trial. He has failed to demonstrate his counsel was ineffective.

To the extent Movant argues his plea was not knowing and voluntary because his counsel failed to object to Movant's "designation as a 'manager' or 'supervisor'" in his Presentence Investigation Report (PSR) and "did not discuss with [Movant] the information contained within the [PSR]," *see* Doc. 3 at 5, 7, these claims are baseless. Movant's PSR, dated December 8, 2016, *see* Crim Doc. 197-1 at 39, had not been created at the time of his guilty plea hearing, conducted on September 6, 2016. *See* Crim. Doc. 155. Therefore, there was no PSR for Movant's counsel to object to or discuss with the Movant prior to his guilty plea.

To the extent Movant argues counsel failed to object to the PSR's recommendation of an enhancement due to Movant's manager/supervisor role in the offense, *see* Doc. 3 at 5, this argument is belied by the record. Movant's counsel filed written objections to the PSR's designation of Movant as a manager or supervisor of any other codefendants. *See* Crim. Doc. 201 at 2. Counsel also raised this objection at the sentencing hearing. *See* Crim. Doc. 250 at 5-6. The Court overruled counsel's objections. *Id.* at 9.

Movant also alleges in his motion that his appellate counsel provided ineffective assistance by "fail[ing] to investigate defense or evidence nor theory whatsoever and fail[ed] to conduct any meaningful adversarial challenge." Doc. 2 at 4. Addressing the same ground in his memorandum,

5

Movant appears to extend the allegation to both his appellate and trial attorneys. *See* Doc. 3 at 3. However, Movant provides no further support for his allegation other than to allege his attorneys "fail[ed] to prepare and present an adequate defense, and fail[ed] to investigate evidence against him." *Id.* Apart from these conclusory statements in his motion and memorandum, Movant provides no further argument, or evidence from the record to support his allegations. He simply cites to case law regarding ineffective-assistance-of-counsel claims. *See Id.* at 3-5. This is insufficient to support a claim of ineffective assistance of counsel. *See Miller* 200 F.3d at 282. Movant's conclusory allegations do not entitle him to relief. *Schlang v. Heard*, 691 F.2d 799.

Specifically regarding Movant's appellate counsel, he fails to show that the decision not to raise an issue on appeal was objectively unreasonable. In order to prove ineffective assistance of appellate counsel, a movant must show that the decision not to raise an issue on appeal was objectively unreasonable. *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (citing *Strickland*, 466 U.S. at 687). Here, Movant fails to identify any issue his appellate counsel should have but failed to raise on appeal. Thus, Movant has failed to show his appellate counsel provided ineffective assistance. *See id.*

IV.

Movant argues the Court "erred in its classification and designation of [Movant] as 'manager' or 'supervisor' of other codefendants in the conspiracy . . . under the United States Sentencing Guidelines (U.S.S.G.) § 3B1.1(b). (Doc. 3 at 7). This issue is waived and also procedurally barred.

In his plea agreement, filed with the Court on August 25, 2016, Movant waived "his rights, conferred by 28 U.S.C. § 1291 and 18 U.S .C. § 3742, to appeal from his conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court." Crim. Doc. 148 at 5. Movant further waived "his right to contest his conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." *Id.* He specifically reserved "the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." *Id.* at 5.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for ineffective assistance of counsel claims that affect the validity of that waiver or the plea itself or when the sentence exceeds the

7

statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

In his plea agreement, Movant acknowledged his guilty plea was "freely and voluntarily made and [is] not the result of force or threats, or promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose." Crim. Doc. 148 at 4. Movant additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation . . . [he] has received from his lawyer satisfactory explanations concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." *Id.* at 5. Movant then conceded "that he is guilty, and after conferring with his lawyer, [he] has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." *Id.*

At Movant's guilty plea hearing, the Court advised Movant of the rights he would retain if he pleaded not guilty, as well as the rights he would give up if he pleaded guilty. Crim. Doc. 237 at 4-6. Movant assured the Court that he had discussed with his attorney the charges against him and how the sentencing guidelines might apply in his case. (*Id.* at 9, 11). The Court outlined the elements of the offense, conspiracy to possess with intent to

8

distribute methamphetamine, and Movant stated he understood them. *Id.* at 13, 14-15. Furthermore, Movant acknowledged that prior to signing his plea agreement, he had reviewed the agreement with his attorney and that he was satisfied with his attorney's representation. *Id.* at 15-17. Movant acknowledged he understood he was giving up his right to appeal and to file any post-conviction proceedings, except for in the limited circumstances set out in the plea agreement. *Id.* at 18. He also stated he entered into the plea agreement "voluntarily and of his own free will," and that there were no other promises or assurances of any kind made to induce him to plead guilty. *Id.* at 19. Movant stated he was not forced into signing the agreement. *Id.* The Court explained that the statutory maximum sentence Movant could receive was not less than five years nor more than forty years of imprisonment, which Movant understood. *Id.* at 20-21. Movant then pleaded guilty to the charge in open court. *Id.* at 21. Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review.

9

F.2d 1372, 1376-77 (5th Cir. 1983); *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992); *see also United States v. Cortez*, 413 F.3d 502 (5th Cir. 2005).

Movant's plea was knowing and voluntary and his claim that the Court erred by enhancing his sentence pursuant to the U.S.S.G. § 3B1.1(b) does not concern the issues reserved for appeal in his appeal waiver. Thus, the issue is barred by the appeal waiver in his plea agreement. *See Wilkes*, 20 F.3d at 653.

Even if Movant had not waived the right to file a § 2255 motion, the issue he raises could have been addressed on direct appeal. It is well-settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude. . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Id.* at 232. Movant could have raised this issue on direct appeal but failed to do so. And he has not shown either cause for his procedural default and actual prejudice resulting from the error, or demonstrated that the alleged violation probably resulted in the conviction of one who is actually innocent. *Shaid*, 937 F.2d at 232. Thus, Movant's issue is procedurally barred from review. *Id.*

While Movant also argues that the Court's imposition of the enhancement under U.S.S.G. § 3B1.1(b) rendered his guilty plea unknowing and involuntary, *see* Doc. 3 at 7, the timing of Movant's guilty plea in relation to the imposition of his sentence renders this argument meritless.

V.

Movant makes repeated requests for an evidentiary hearing. *See* Doc. 3 at 5, 7, 8, 9. The Court may hold an evidentiary hearing when a hearing is warranted. *See* Rule 8, Rules Governing Section 2255 Proceedings. An evidentiary hearing is not warranted in this case.

VI.

For the foregoing reasons, the Court should deny the § 2255 motion and dismiss this action with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed May 16, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

11

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).